UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAUL REED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  4:10CV431 TIA |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Reverse and Remand (Docket No. 20/filed October 18, 2010).  The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).  The suit involves applications for Supplemental Security Income under Title XVI of the Act, 42 U.S.C. §§ 1381 et seq. and for disability insurance benefits under Title II of the Act, 42 U.S.C. §§ 401 et. seq.

**Procedural History**

On March 11, 2010, Claimant filed an application for Supplemental Security Income under Title XVI of the Act, 42 U.S.C. §§ 1381, et seq. (Tr. 85-87, 91-94)[1] and an application under the Social Security Act for disability insurance benefits under Title II of the Act, 42 U.S.C. §§ 401 et. seq. (Tr. 88-90, 95-97) alleging disability since December 9, 2006.  The applications were denied (Tr. 49-58), and Claimant subsequently requested a hearing before an Administrative Law Judge (ALJ), which was held on April 9, 2009.  (Tr. 19-41).  In a decision dated May 6, 2009, the ALJ

---

[1]"Tr." refers to the page of the administrative record filed by Defendant with its Answer. (Docket No. 12/filed May 26, 2010).

found that Claimant had not been under a disability as defined by the Social Security Act. (Tr. 6-18). The Appeals Council denied Claimant's Request for Review on January 13, 2010. (Tr. 1-4). Thus, the ALJ's decision is the final decision of the Commissioner.

## Discussion

On March 11, 2010, Claimant filed this civil action for judicial review of the Commissioner's final decision, and the Commissioner filed his Answer and the Transcript on May 26, 2010. After review of the case, the agency counsel requested the Appeals Council of the Social Security Administration to reconsider the Commissioner's decision. Thereafter, the Appeals Council determined that remand to be appropriate for further consideration of Claimant's claim. On October 18, 2010, the Defendant filed a Motion to Remand, requesting that the Court reverse the ALJ's decision and remand the action to the Defendant pursuant to sentence four of 42 U.S.C. § 405(g).

On remand, the Appeals Council will direct an ALJ to issue a fully favorable decision because Plaintiff's impairment meets the criteria of Listing § 12.05C under 20 C.F.R. Part 404, Subpart P, Appendix 1 (2010). Thus, Defendant requests that this Court enter a final judgment reversing the ALJ's decision and remanding the case to the Commissioner for entry of a favorable decision.

Two sentences in 42 U.S.C. § 405(g) govern remands. Shalala v. Schaefer, 509 U.S. 292, 296 (1993); Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991). Defendant requests a remand under sentence four, which provides that upon review of Social Security determinations, "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with our without

remanding the cause for a rehearing." Sentence four requires a substantive ruling on the correctness of the administrative decision. Melkonyan, 501 U.S. at 98; Buckner v. Apfel, 213 F.3d 1006, 1010 (8th Cir. 2000). Further, case law suggests that a district court should conduct a plenary review of the entire record before entering a judgment affirming, modifying, or reversing the Commissioner's decision with or without a remand order. See Schaefer, 509 U.S. at 297; Buckner, 213 F.3d at 1010.[2]

The undersigned has reviewed the record in light of the Defendant's assertions in the Motion to Reverse and Remand. Because the Appeals Council has agreed that remand is warranted, little discussion is necessary. Therefore, in light of the errors committed by the ALJ, the case should be reversed and remanded for entry of a favorable decision. On remand, the ALJ should issue a fully favorable decision because Plaintiff's impairment meets the criteria of Listing § 12.05C under 20 C.F.R. Part 404, Subpart P, Appendix 1 (2010). Because the Defendant agrees that the case should be remanded, and the Claimant has no objection, Defendant's Motion to Reverse and Remand under sentence four should be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Reverse and Remand (Docket No. 20) be **GRANTED** and that the final decision of the Commissioner denying social security

---

[2] The undersigned agrees that sentence four's phrase "upon the pleadings and transcript of the record" supports the interpretation that plenary review is necessary before remand. However, the statute does not explicitly mandate such in-depth evaluation. In the instant case, such review would serve no useful purpose, as the Commissioner has moved for a sentence four remand based upon infirmities in the ALJ's decision, and the Claimant has no objection to such remand.

benefits be **REVERSED** and this case be **REMANDED** to the Commissioner for further

proceedings consistent with this Order.

/s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this  27th   day of October, 2010.