UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAUL REED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  4:10CV431 TIA |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The parties consented to the jurisdiction of undersigned pursuant to 28 U.S.C. § 636(c).

On October 27, 2010, the undersigned reversed the Commissioner's decision and remanded Plaintiff's case to the Commissioner for further proceedings. Plaintiff now seeks attorney's fees in the amount of $9,799.60, which represents 55.8 hours of attorney work at the rate of $175.62 per hour. In EAJA actions, the district court has the authority to award reasonable and necessary expenses associated with adjudicating a claim for social security benefits. Kelly v. Bowen, 862 F.2d 1333, 1335 (8th Cir. 1988).

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir. 1986). Under Shalala v. Schaefer, 509 U.S. 292, 392 (1993), a social security claimant who obtains a sentence-four judgment reversing

the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.  Accordingly, Plaintiff is the prevailing party in this matter.

In the instant case, Defendant does not dispute Plaintiff's entitlement to fees under the EAJA or the requested hourly rate.  Defendant has filed a response opposing the amount of fees requested. Defendant argues that the amount of Plaintiff's fee request is unreasonable noting that some of the charges for attorney time appear to be excessive.  Counsel requests reimbursement of 55.8 hours. Plaintiff has not responded to Defendants' objections, and his time for doing so has expired.

Defendant objects to the number of hours Plaintiff's counsel claims she spent working on the case.  In particular, Defendant claims Plaintiff's request for 46.8 hours between July 5, 2010 and July 26, 2010 for reviewing the transcript and preparing the brief to be excessive and the time should be reduced to 15 hours.

The Court has broad discretion to determine the amount of time reasonably expended, and an EAJA fee award is reviewed only for abuse of discretion. See Johnson v. Sullivan, 919 F.3d 503, 505 (8th Cir. 1990) ("the ultimate amount of an EAJA fee award remains within the district court's discretion"); see also Decker v. Sullivan, 976 F.2d 456, 459 n.1 (8th Cir. 1992) (citing S.E.C. v. Comserv Corp., 908 F.2d 1407, 1411 (8th Cir. 1990)).  In determining whether a fee request is reasonable, "[t]he court should consider not merely whether the attorney's work was valuable to the client, but whether the issues were novel or complex, whether the record is voluminous or the facts are unusually complex, whether the attorney's specialized skill or knowledge was required, and what th usual number of hours for similar cases are in the area." Johnson v. Barnhart, 2004 WL 213183 at *1 (W.D. Mo. 1994) (citing Stockton v. Shalala, 36 F.3d 49, 50 (8th Cir. 1994)).  The EAJA is not designed to reimburse without limit. Pierce v. Underwood, 487 U.S. 552, 573 (1988).  This

Court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." Hickey v. Secretary of HHS, 923 F.2d 585, 586 (8th Cir. 1991) (quoting Cotter v. Bowen, 879 F.2d 359, 361 (8th Cir. 1989)).

In the present case, the Court reviewed the time records from July 5 through 26, 2010 submitted by Plaintiff's counsel. Plaintiff's fifteen-page brief contains a brief two-page recitation of his medical history, two-page recitation of the other evidence, a page recitation of the hearing testimony, and eight pages of legal argument as to why the ALJ's decision was not supported by substantial evidence. The administrative record is 496 pages in length of which 285 pages are medical records. See Chase v. Astrue, 2011 WL 777898 at *3 (W.D. Ark. 2011) (17.40 hours for reviewing 531-page administrative transcript and preparing 21 page brief containing no unique or complex issues found to be excessive).

In the Motion for Attorney's Fees, counsel did not represent this case to be overly complex or addressing novel issues. Counsel indicated that she is well versed in social security law and has represented numerous Plaintiffs before this Court[1] and the Social Security Administration. As such,

---

[1] The undersigned notes that counsel has submitted EAJA fee requests in thirteen cases in this district. In ten of the cases, counsel requested reimbursement of time ranging from 15.1 hours to 32.1 hours. In another case, counsel requested reimbursement of 48.1 hours of attorney time, but after the defendant contacted her about the itemization of hours, the parties reached an agreement for a total EAJA fee payment of $5,303.73. Welford v. Astrue, Cause No. 4:10cv225DJS. In another case, counsel requested reimbursement of 41 hours of attorney time, and the defendant opposed the award of fees arguing that the amount of counsel's fee request was unreasonable given its willingness to remand thus counsel should not be awarded fees for time spent composing a brief after the defendant had already agreed to remand. Taggert-Jeffries v. Astrue, Cause No. 4:10cv1140DDN. The Honorable David Noce opined "..., because plaintiff may have "obtained some benefit" from the brief in support of the complaint, ..., because plaintiff's counsel had to incur some amount of fees to adequately respond to defendant's motion to remand, and to avoid a harsh, potentially inequitable result, the court will grant 50% of the

the Court finds the time counsel has requested to be excessive.  Overall, the Court finds it reasonable to reduce the total amount of attorney time subject to reimbursement by 15 hours, leaving a total of 31.8 hours subject to reimbursement.  See Colegrove v. Barnhart, 435 F.Supp.2d 218, 221 (W.D.N.Y. 2006) (holding the court need not " scrutinize each action taken or the time spent on it when determining what is reasonable," and may exercise its discretion "simply to apply a reasonable percentage reduction as a practical means of trimming fat from a fee application") (internal quotation marks, citation omitted).  While this amount still is in excess of the averages requested for EAJA fees reimbursement in this district and by this counsel, the Court notes Plaintiff's attorney in the present case devoted a thoroughness  justifying in part the greater number of hours.

Defendant also objects to the 1.1 hours requested for clerical services inasmuch as they are not recoverable under the EAJA.  Counsel has requested 1.1 hours for administrative tasks such as scanning and filing the complaint and motion for proceed *in forma pauperis*, reviewing consent to proceed before the magistrate judge and filing her own consent, and filing Plaintiff's brief.  These tasks could have been performed by a member of counsel's support staff inasmuch as such tasks are administrative in nature.  See Granville House, Inc. v. Department of HEW, 813 F.2d 881, 884 (8th Cir. 1987) (work which could have been completed by support staff is not compensable under the EAJA).  Accordingly, the undersigned will deduct 1.1 attorney hours from the total number of compensable hours.

The Court notes that many of the documents counsel seeks compensation for reviewing are standard filings and docket entries filed in every social security case filed within this district.

---

remaining requested fees incurred preparing the brief, yielding 16.65 hours." Id. at 4 (internal citation omitted)

Therefore, the Court will deduct 1.3 attorney hours from the total number of compensable hours.

As stated by Defendant, EAJA fees are payable to the Plaintiff and may be offset to satisfy any pre-existing debt owed to the United States. Astrue v. Ratliff, __ U.S. ___, 130 S. Ct. 2521, 2527 (2010). The undersigned thus finds that Defendant should first verify whether the Plaintiff owes a debt to the United States. If such debt is owed, Defendant shall offset the amount and pay the remaining balance to the Plaintiff. If the Plaintiff does not owe any debt, Defendant shall make the fee payable to Plaintiff's attorney based upon the Fee Agreement and Assignment -- Federal Court signed by the Plaintiff. Whether made payable to the Plaintiff or to his attorney, the fee shall be mailed to Plaintiff's attorney: Brigid A. McNamara, 230 S. Bemiston Ave., Suite 810, St. Louis, MO 63105. An appropriate Judgment will accompany this Memorandum and Order.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney's Fees pursuant to the Equal Access to Justice Act (Docket No. 23) is **GRANTED**, in part, consistent with the Memorandum and Order. Plaintiff is awarded the total sum of $5,707.65. The payment of the award under the EAJA shall be awarded directly to Plaintiff's counsel, Brigid A. McNamara.

/s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this   7th   day of September, 2011.